UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Criminal No. 16-cr-10194-IT |
| | * | |
| ALVARO LUIS SOTO-MARTINEZ, | * | |
| | * | |
| Defendant. | * | |

ORDER

January 9, 2017

TALWANI, D.J.

Before the court is Defendant Soto-Martinez's Motion to Dismiss Count Two of the Indictment [#60].

On September 15, 2016, the Grand Jury returned a Superseding Indictment charging Defendant Soto-Martinez, in relevant part, with one count of Passport Fraud in violation of 18 U.S.C. § 1542 (Count I), and one count of Misuse of a Social Security Number in violation of 42 U.S.C. § 408(a)(7)(B) (Count II). See Superseding Indictment [#30]. The Defendant seeks dismissal of Count II arguing that because his alleged misuse of a social security number also constitutes the conduct underlying his alleged passport fraud, the government is seeking unconstitutionally reiterative prosecution.

"For over half a century we have determined whether a defendant has been punished twice for the 'same offense' by applying a rule set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932). If 'the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.'" Rutledge v. United States, 517 U.S. 292, 297 (1996) (internal citations omitted). Prosecutions may run afoul

of this test by seeking punishment of both one offense and another ("lesser") offense included therein. Id.

But that is not the case here. The Indictment's Count I, predicated on 18 U.S.C. § 1542, charges the Defendant with "willfully and knowingly [making] a false statement in an application for a passport with intent to induce and secure the issuance of a passport under the authority of the United States, for his own use [or] the use of another . . . ." The Indictment's Count II, predicated on 42 U.S.C. § 408(a)(7)(B), charges the Defendant for, "with intent to deceive, falsely represent[ing] a number to be the social security account number assigned by the Commissioner of Social Security to him, when in fact, such number was not the social security number assigned by the Commissioner of Social Security to him." By way of one example of the several distinctions between these statutes, Count I will require the Government to prove the Defendant acted with "intent to induce or secure the issuance of a passport," an element wholly missing in Count II, whereas Count II will require proof that the defendant, "with intent to deceive, falsely represent[ed] a number to be the social security account number assigned to him . . . ," an element wholly missing in Count I. Moreover, the government may prove Count I with evidence of false statements other than a false social security number. Blockburger thus permits the Indictment as it stands.

The court therefore needs not reach the Government's timeliness argument, and hereby DENIES the Motion [#60].

IT IS SO ORDERED.

Date: January 9, 2017                                    /s/ Indira Talwani
                                                         United States District Judge